[No. 24186. Department One. January 7, 1933.]

MARIE HOWARD, *Respondent*, v. T. R. IGELAND *et al.*, *Appellants*.[1]

*Philip Tworoger,* for appellants.

*John J. Sullivan* and *Everett O. Butts,* for respondent.

MITCHELL, J.—This is an action brought by Marie Howard against T. R. Igeland and wife to recover for

[1]Reported in 17 P. (2d) 848.

personal injuries caused by being run down by an automobile belonging to defendants, and driven by the husband at the time of the accident at a street crossing in Seattle. The charges of negligence were driving carelessly, recklessly, and at a dangerous and excessive rate of speed. The answer consisted of a general denial and affirmative allegations of contributory negligence on the part of the plaintiff. The affirmative allegations were denied by the plaintiff. The case was tried without a jury. There was judgment for the plaintiff in the sum of one thousand dollars. The defendants have appealed.

The facts are not much in dispute. The intersection was an irregular one, being crossed by three streets. The accident happened after dark on the northeasterly side of the intersection as the respondent was crossing Broad street, fifty-four feet wide between the curbs, which street runs southwesterly into and across the intersection. Respondent, in an orderly manner, was walking along the way for pedestrians across Broad street from the southerly to the northerly side, and was struck near the north curb of Broad street and knocked about four feet in the air by appellants' automobile, which was being driven southwesterly on Broad street.

She testified that, before stepping off the curb on Broad street, she paused and looked to the right and saw appellants' automobile, at the corner of the city block some two hundred and fifty feet to her right, coming towards her, and that she looked in the same direction again after commencing to cross the street, and still another time just before being struck, and that the automobile approached at a high rate of speed, thirty to forty miles an hour; that, had the automobile continued its course, she would not have been hurt; that she tried to get out of the way, but

that the driver, when within about twenty feet of her, swerved his automobile and knocked her down, rendering her unconscious.

A disinterested witness corroborated her testimony in material respects. He, from his home across the street, noticed her take observation of traffic to her left and right before and after stepping off the south curb on Broad street, saw the accident, estimated the speed of the automobile at thirty to thirty-five miles an hour, and testified that it skidded more than thirty-three feet before knocking her down, according to his estimate of the skid marks on his going into the street at the scene and time of the accident.

Mr. Igeland admitted his automobile struck the respondent, and that, while she crossed the street from his left, he said that he did not see her until his automobile was within one and one-half or two feet from her; and also testified that she was struck by the right front light of his automobile as he was traveling eighteen or twenty miles an hour. His testimony was not corroborated in any respect, except that his car knocked her down.

The great weight of the testimony favors the respondent. It cannot be held that she was guilty of contributory negligence. In our opinion, it is a plain case of accident and consequent injuries caused by careless and reckless driving in excess of the statutory speed limit at such place, as provided in Rem. Rev. Stat., § 6362-3, subdiv. 5, paragraph (b). That was the conclusion of the trial court.

Affirmed.

TOLMAN, C. J., PARKER, MILLARD, and STEINERT, JJ., concur.